UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Guy Gabriel Shadoan, | ) | C/A No. 8:12-2908-DCN-JDA |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| Florence County Detention Center Medical Department; Captain Brunson; Officer Gaskins; Officer Lynch; Dr. Wilner; Nancy Truluck, | ) ) ) ) ) ) ) ) | Report and Recommendation for Partial Summary Dismissal |
| Defendants. | ) ) | |

This is a civil action filed by a local prisoner.[1] Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. For the reasons that follow, the undersigned recommends that the District Judge dismiss Defendant Florence County Detention Center Medical Department from this action, without prejudice and without issuance and service of process. In a separately docketed order, the undersigned has authorized service against the remaining Defendants.

## PRO SE AND IN FORMA PAUPERIS REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review *pro se* complaints and petitions for relief and submit findings and recommendations to the District Court. Title 28 U.S.C. § 1915A(a)

---

[1] Plaintiff has been transferred to Evans Correctional Institution since filing this case.

1

requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, the Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

The Complaint alleges that Defendant Florence County Detention Center Medical Department, and employees thereof, were deliberately indifferent to Plaintiff's medical needs between October 19, 2011, and April 20, 2012. ECF No. 1, pages 3-4. While Plaintiff provides sufficient factual information to withstand summary dismissal against the individually named Defendants, *see* ECF No. 1-5, Defendant Florence County Detention Center Medical Department should be summarily dismissed from this case.

A claim for relief under § 1983 must sufficiently allege that a plaintiff was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 690 n.55 (1978) (noting that for

2

purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds are not "persons" and do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Nelson v. Lexington Cnty. Det. Ctr.*, No. 8:10-2988-JMC, 2011 WL 2066551 at *1 (D.S.C. May 26, 2011)*; see also Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

Additionally, use of the term "staff," "department," or the equivalent as a name for alleged defendants, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Harden v. Green*, No. 01-6393, 2001 WL 1464468 at *4 (4th Cir. Nov. 19, 2001)("The medical department of a prison may not be sued, because it is not a person within the meaning of § 1983."); *English v. South Carolina Dep't of Corr. Mental Health*, C/A No. 1:12-511-JFA-SVH, 2012 WL 3062655 (D.S.C. June 28, 2012)("groups of people are not amenable to suit under § 1983"); *Pitt v. Perry Corr. Inst. Med. Staff*, C/A No. 0:09-1000-MBS-PJG, 2011 WL 704487 at *2 (D.S.C. Jan. 24, 2011). Because Defendant Florence County Detention Center Medical Department is not a "person" amenable to suit under § 1983, this Defendant is entitled to summary dismissal from the action.

## RECOMMENDATION

It is recommended that the Complaint be dismissed without prejudice and without issuance and service of process as to Defendant Florence County Detention Center Medical Department. Plaintiff's attention is directed to the important notice on the next page.

January 17, 2013                                s/ Jacquelyn D. Austin
Greenville, South Carolina                      United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).