IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Guy Gabriel Shadoan, #351264, | Case No. 8:12-cv-02908-DCN-JDA |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Florence County Detention Center Medical Department[1]; Captain Brunson; Officer Gaskins; Officer Lynch; Dr. Wilner; Nancy Truluck, | |
| Defendants. | |

This matter is before the Court on a motion to dismiss Defendant Captain Brunson ("Brunson") without prejudice filed by Plaintiff. [Doc. 41.] Plaintiff is proceeding pro se and brings this civil rights action pursuant to 42 U.S.C. § 1983. [Doc. 1.] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and to submit findings and recommendations to the District Court.

**DISCUSSION**

On April 9, 2013, Plaintiff filed a motion to dismiss the Complaint without prejudice as to Brunson because Plaintiff does not have evidence other than his testimony to support his allegations against Brunson. [Doc. 41.] Under the Rule 41(a)(2) of the Federal Rules of Civil Procedure, a plaintiff may request the court to dismiss his action, and a dismissal under Rule 41(a)(2) is usually without prejudice. Further,

---

[1] Pending before the District Court is a Report and Recommendation by this Court recommending Defendant Florence County Detention Center Medical Department be summarily dismissed from this action. [Doc. 22.]

> [a] plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice "should not be denied absent substantial prejudice to the defendant." Prejudice of a sort to weigh in favor of denying a motion to voluntarily dismiss has been described as "plain legal prejudice." . . . Plain legal prejudice is shown when actual legal rights are threatened or when monetary or other burdens appear to be extreme or unreasonable. Additional factors commonly assessed when considering a Rule 41(a)(2) motion include: (1) the extent to which litigation has progressed, including the defendant's effort and expenses to date, (2) the plaintiff's diligence in prosecuting the action or in bringing the motion, (3) the duplicative expense of relitigation, and (4) the adequacy of plaintiff's explanation for the need to dismiss.

*Nat'l Specialty Ins. Co. v. AIG Domestic Claims*, No. 3:09-1183-JFA, 2010 WL 412604, at *2 (D.S.C. Jan. 28, 2010) (citations omitted).

Here, the Court authorized service of process on Brunson on January 17, 2013. [Doc. 20.] Brunson was served on February 7, 2013 [Doc. 28] and filed an answer on February 26, 2013 [Doc. 29]. Thus, dispositive motions are due from Brunson by April 12, 2013. [*See* Doc. 20 at 2 ("[A]ll dispositive motions from Defendants must be filed no later than forty-five (45) days after the answer on behalf of that particular Defendant has been filed.").] Therefore, while this litigation has imposed some burden on Brunson, it does not appear that Brunson would be substantially prejudiced by dismissal. Accordingly, the Court recommends Plaintiff's motion to dismiss be granted and that the Complaint be dismissed as to Brunson.

## **CONCLUSION**

Wherefore, based upon the foregoing, the Court recommends Plaintiff's motion to dismiss Defendant Captain Brunson without prejudice be GRANTED.

IT IS SO RECOMMENDED.

<u>s/Jacquelyn D. Austin</u>
United States Magistrate Judge

April 10, 2013
Greenville, South Carolina