UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Guy Gabriel Shadoan, | ) C/A No. 8:12-2908-DCN-JDA |
| Plaintiff, | ) |
| vs. | ) |
| Florence County Detention Center Medical Department;<br>Captain Brunson;<br>Officer Gaskins;<br>Officer Lynch;<br>Dr. Wilner;<br>Nancy Truluck, | ) Report and Recommendation |
| Defendants. | ) |

The Plaintiff, Guy Gabriel Shadoan ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Under Local Civil Rule 73.02(B)(2) DSC, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. The complaint should be dismissed against the following defendants for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure, and for failure to effect service of process within the time period allowed by Rule 4(m) of the Federal Rules of Civil Procedure: Officer Gaskins; Officer Lynch; Nancy Truluck.

**Background**

Plaintiff's complaint in this case was docketed on October 23, 2012. ECF No. 1. Because the pleading failed to clearly identify the defendants in this case, the court issued an order directing Plaintiff to submit service documents for the defendants he intended to sue. ECF No. 9. Plaintiff responded to the court's order by submitting service documents for defendants Brunson, Gaskins, Lynch, Wilner, and Truluck. On January 17, 2013, the

1

undersigned issued an order authorizing service of process on these defendants.[1] ECF No. 20. While executed summonses were returned for defendants Brunson, ECF No. 28, and Wilner, ECF No. 31, the United States Marshal was unable to locate defendants Gaskins, Lynch, and Truluck for service of process. ECF No. 32. Therefore, the undersigned issued an order on March 25, 2013, directing Plaintiff to provide service documents with current addresses for defendants Gaskins, Lynch, and Truluck. ECF No. 35. The order warned Plaintiff that failure to timely serve the defendants pursuant to Federal Rule of Procedure 4(m) could result in dismissal of Plaintiff's claims against them.[2] *Id.* at 1. Plaintiff responded to the order by submitting Forms USM-285 for defendants Gaskins, Lynch, and Truluck, which state that Plaintiff has no further information regarding addresses for these individuals. ECF No. 43.

## Discussion

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review *pro se* complaints and petitions for relief and submit findings and recommendations to the District Court. As a *pro se* litigant, the Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

---

[1] Summary dismissal of defendant Florence County Detention Center was recommended in a separately docketed Report and Recommendation. ECF No. 22.

[2] Fed. R. Civ. P. 4(m) states as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. . . .

(*per curiam*).  However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

In this case, defendants Gaskins, Lynch and Truluck have not been served with a copy of the summons and complaint and Plaintiff has failed to provide valid services addresses for these defendants. Calculating the 120-day period for service of process under Federal Rule of Civil Procedure 4(m) from the date on which the summonses were issued, *Robinson v. Clipse*, 602 F.3d 605, 608–09 (4th Cir. 2010) (tolling during initial review), the time allowed for service on defendants Gaskins, Lynch, and Truluck  has expired.  Because Plaintiff has failed to comply with an order of this court and has failed to prosecute his claims against defendants Gaskins, Lunch, and Truluck, these defendants should be dismissed from the instant action.

## Recommendation

Accordingly, it is recommended that Plaintiff's claims against defendants Gaskins, Lynch and Truluck be dismissed *without* prejudice for failure to prosecute this case, Fed. R. Civ. P. 41(b), and for failure to effect service of process. Fed. R. Civ. P. 4(m).  Plaintiff's attention is directed to the important notice on the next page.


May 23, 2013                                                      s/Jacquelyn D. Austin
Greenville, South Carolina                              United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).