**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| GUY GABRIEL SHADOAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 8:12-cv-2908-DCN |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| DR. WILNER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Magistrate Judge Jacquelyn D. Austin's Report and Recommendation ("R&R") that this court deny defendant Dr. Lane Wilner's ("Dr. Wilner") motion for summary judgment. The magistrate judge determined that because Dr. Wilner presented no evidence, he had not met his burden of showing that no genuine issue of material fact exists. Dr. Wilner filed written objections to the R&R which included evidence in support of his motion. Because Dr. Wilner has now provided evidence on this issue, the court grants his motion for summary judgment.

**I.  BACKGROUND**

Plaintiff Guy Gabriel Shadoan ("Shadoan") is a prisoner who was incarcerated at the Florence County Detention Center ("FCDC") at all times relevant to this case. On October 23, 2012, Shadoan filed this action, alleging various constitutional violations arising out of the actions of several FCDC employees. The court has previously dismissed all of the defendants except for Dr. Wilner. Shadoan, who has chronic obstructive pulmonary disease ("COPD"), alleges that Dr. Wilner was deliberately indifferent to his medical needs by cutting back on his oxygen level, cutting back on his

continuous positive airway pressure ("CPAP") machine, and failing to timely refer him to a lung specialist. Compl. 3-4.

On May 24, 2013, Dr. Wilner filed a motion for summary judgment, asserting that Shadoan failed to state a claim for medical malpractice under South Carolina law. On June 7, 2013, Shadoan responded, arguing that his claim was not for medical malpractice but rather was proceeding under 42 U.S.C. §1983. Dr. Wilner replied on June 17, 2013, addressing Shadoan's § 1983 claim. The magistrate judge entered an order allowing Shadoan to file a surreply in order to address Dr. Wilner's new arguments, which Shadoan filed on September 4, 2013. On January 14, 2014, the magistrate judge issued an R&R recommending that this court deny Dr. Wilner's motion because he failed to present evidence demonstrating that there was no genuine issue of material fact. Dr. Wilner filed objections to the R&R on January 31, 2014. With his objections, Dr. Wilner has also included an affidavit that summarizes the treatment he rendered to Shadoan. This matter is now ripe for the court's review.

## II.  STANDARDS

### A.    Objections to R&R

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). In absence of a timely filed objection to a magistrate judge's R&R, this court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins.

Co., 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). This court may accept, reject, or modify the report of the magistrate judge, in whole or in part, or may recommit the matter to him with instructions for further consideration. 28 U.S.C. § 636(b)(1).

### B.  Summary Judgment

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. At the summary judgment stage, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in his favor. Id. at 255.

### C.  Pro Se Plaintiff

Plaintiff is proceeding pro se in this case. Federal district courts are charged with liberally construing complaints filed by pro se litigants to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980). Pro se complaints are therefore held to a less stringent standard than those drafted by attorneys. Id. Liberal construction, however, does not mean that the court can ignore a clear failure

in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990).

### III.   DISCUSSION

Dr. Wilner's affidavit provides the evidence needed to support his argument that he was not deliberately indifferent to Shadoan's medical needs.[1] The court must determine whether, considering this new evidence, Dr. Wilner is entitled to summary judgment.

Section 1983 provides a remedy against any person who, acting under color of law, deprives another of constitutional rights. It is "not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Albright v. Oliver, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted). In Estelle v. Gamble, the Supreme Court recognized a federal cause of action for deliberate indifference to serious medical needs in violation of the Eight Amendment. 429 U.S. 97, 104 (1976). The Court wrote that the claim is cognizable "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Id. "Regardless of how evidenced,

---

[1] The court can properly consider evidence received with a party's objections to the R&R. United States v. George, 971 F.2d 1113, 1118 (4th Cir. 1992) ("We believe that as part of its obligation to determine de novo any issue to which proper objection is made, a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate. . . . [T]he party entitled to de novo review must be permitted to raise before the court any argument as to that issue that it could have raised before the magistrate.")

deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Id. at 104-05.

"Deliberate indifference is a very high standard – a showing of mere negligence will not meet it," Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999), but it is "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994); see also Whitley v. Albers, 475 U.S. 312, 319 (1986) (holding that deliberate indifference requires "more than ordinary lack of due care for the prisoner's interests or safety"); Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm. Farmer, 511 U.S. at 837; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). To prevail on a claim of constitutionally inadequate medical care, a plaintiff must satisfy both a subjective and an objective component of deliberate indifference. Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). That is, a plaintiff must demonstrate "that the officers acted with 'deliberate indifference' (subjective) to the inmate's 'serious medical needs' (objective)." Id. (citing Estelle, 429 U.S. at 104).

Shadoan's allegations against Dr. Wilner consist entirely of the following:

> My COPD meds were taken to Dr. Wilner told Nancy Truluck the head nurse here at FCDC to cut back on my oxygen level from two liters to one. Also to cut back on my CPAP machine. They did not send me to see my lung specialists til January of 2012.

Compl. 3-4 (verbatim).

Dr. Wilner asserts in his affidavit that he first examined Shadoan on October 28, 2011. Wilner Aff. ¶ 3. The examination revealed that Shadoan's oxygen level was 97%. Wilner Aff. ¶ 4. Based on his medical training, Dr. Wilner knew that a finding over 92% was considered normal and did not require supplementation of oxygen. Id. As a result of his examination as well as Shadoan's medical history, Dr. Wilner recommended that Shadoan's oxygen be changed from two liters to one liter, reduced his medication regime, and prescribed breathing treatments four times per day. Wilner Aff. ¶ 5. At a later appointment on December 2, 2011, Shadoan expressed a desire to follow up with a pulmonologist. Wilner Aff. ¶ 6. Dr. Wilner asserts that any delay in seeing a pulmonologist was associated with the availability of appointments. Wilner. Aff. ¶ 7. He also asserts that Shadoan's condition was non-emergent and did not require immediate attention. Id.

Shadoan's complaints about Dr. Wilner's treatment amount to, at most, a disagreement as to the proper medical treatment, which is insufficient to establish a constitutional violation. See King v. United States, 536 F. App'x 358, 363 (4th Cir. 2013). Disagreements between a health care provider and the inmate over a diagnosis and the proper course of treatment are not sufficient to support a deliberate indifference claim and questions of medical judgment are not subject to judicial review. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975).

Relief under the Eighth Amendment is reserved for cases of cruel and unusual punishment, that is, egregious conduct by prison officials reflecting the "unnecessary and wanton infliction of pain." Wilson v. Seiter, 501 U.S. 294, 297 (1991) (emphasis

omitted). That level of culpability is simply not present here. Even assuming that Shadoan's medical needs were serious, he has provided no evidence that his medical care was "so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (citing Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), overruled in part on other grounds by Farmer, 511 U.S. at 837). Therefore, the court grants Dr. Wilner's motion for summary judgment.

## IV.   CONCLUSION

Based on the foregoing, the court **REJECTS** the magistrate judge's R&R based on the additional evidence provided by defendant and **GRANTS** defendant's motion for summary judgment.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 31, 2014**
**Charleston, South Carolina**